NOS. 07-07-0368-CR, 07-07-0369-CR, 07-07-0370-CR and 07-07-0371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2007
_____

KRYSTLE DANIELLE IVORY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53239-E, 53240-E, 53241-E and 53765-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Krystle Danielle Ivory, acting *pro se*, appeals from the trial court's judgment in four companion cases. Finding appellant's notices of appeal are untimely, we dismiss the appeals for want of jurisdiction.

On August 8, 2006, appellant pled guilty in four separate cases arising from the same incident. In three cases, appellant pled guilty to aggravated robbery and received a twenty-year sentence in each. In the fourth case, appellant pled guilty to the offense of robbery and was sentenced to fifteen years in the Institutional Division of the Texas

Department of Criminal Justice. On the same day, the trial court certified that in each case, appellant had no right of appeal and that appellant had waived the right of appeal. Tex. R. App. P. 25.2. Appellant filed her notices of appeal in the trial court on April 26, 2007.

By letter dated October 1, 2007, this Court notified appellant that her notices of appeal appeared late, and advised her that the Court would determine its jurisdiction after October 22, 2007. By the same letter, this Court advised appellant that her appeals were subject to dismissal unless the Court received amended certifications under Rule of Appellate Procedure 25.2 providing that appellant has the right of appeal, or she demonstrated other grounds for continuing the appeals, on or before October 22, 2007. Appellant has corresponded with the Court, but her correspondence does not provide information permitting us to conclude we have jurisdiction over the appeals.

In a criminal case, the Texas Rules of Appellate Procedure require that notice of appeal be filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2. As noted, appellant's notices of appeal from the judgments and sentences imposed in August 2006 were filed in April 2007.[1]

---

[1] Correspondence provided by appellant makes reference to an out-of-time appeal. Permission for such a late appeal must be granted by the Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07 (Vernon 2007).

2

Only a timely notice of appeal invokes the jurisdiction of the court of appeals. *State v. Riewe,* 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); *Slaton v. State,* 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. *Olivio v. State,* 918 S.W.2d 519 (Tex.Crim.App. 1999)*; Slaton,* 981 S.W.2d at 210; *Stumpf v. State,* 2001 WL 1566655 (Tex.App.–Amarillo 2001, no pet.) (not designated for publication).

Further, the rules we must follow require us to dismiss an appeal in a criminal case in the absence of certification showing the appellant has the right of appeal. Tex. R. App. P. 25.2(d).

Because appellant did not file a timely notice of appeal, we lack jurisdiction to consider her appeals. Accordingly, they are dismissed for want of jurisdiction.


James T. Campbell
Justice


Do not publish.


3